OPINION
This appeal is taken by Respondent-Appellant Kenneth Burd from the judgment of the Van Wert County Court of Common Pleas granting the Van Wert County Department of Human Services' request for permanent removal of Burd's minor children, Amber and Ashley.
Amber Burd, 12, and Ashley Burd, 11, are the natural children of Kenneth Burd and Kimberly Ganger Myers. Myers met Burd in 1987 and shortly after the birth of their second daughter in 1988, Myers ended their relationship and asked Burd to leave. Myers remarried after her separation from Burd and had three more children. Myers was again divorced in 1995.
After the 1995 divorce Myers lived with a man named Danny Lodge. After approximately six months Lodge became physically and sexually abusive towards the children. Myers acknowledged that over the next few years she was not only a first-hand witness to numerous incidents of sexual abuse and rape by Mr. Lodge but, the children often, in desperation, confessed this abuse to her.
On August 6, 1996, Lodge threw Ashley against a wall with such force that her left leg and clavicle were left shattered. Sometime later that day, Myers took her daughter Ashley to the hospital. When confronted about the cause of the injuries Myers claimed that they were the result of a fall from the bunk bed. As a result of the physical abuse, the Mercer County Juvenile Court removed the children from the home of Myers and Lodge later that month.
Lodge was later convicted of charges of sexual abuse and physical abuse and is currently in prison. Myers was later convicted of obstruction of justice relating to the physical abuse of her second daughter, Ashley. She was placed on probation, but later imprisoned for six months for altering prescriptions for pain medication and was released on June 5, 1999.
Mercer County Juvenile Court placed Amber and Ashley Burd in the custody of Mercer County Department of Human Services, with placement in a foster home in August, 1996. The children remained in foster care until August, 1997, when the court gave custody of the children to their father, Ken Burd. Prior to placement with Mr. Burd, Mercer County attempted unsuccessfully to reunify the children with the mother, Myers. Myers failed to exercise visitation for months at a time during 1997.
After his separation from Myers, Mr. Burd married in October 1996. Burd has been diagnosed with Schizophrenia and Anti-Social Personality Disorder. He is required to take medication daily in order to regulate his condition. Burd remains lucid while on his medication. Should he forget to take his medication or choose not to take it, Burd becomes highly volatile and verbally and physically abusive.
After placement of the children with Mr. Burd, Mercer County maintained protective supervision of the children until August, 1998, when it transferred the case to Van Wert County. After several in home visits with Ashley and Amber, the Department made several observations concerning the girls living arrangements inside the trailer. It observed that there was only one small bedroom for the girls with one twin bed that the girls were sharing despite the fact that the Center had expressly demanded they not sleep together considering their sexual history of acting out together. There was a hole in the bathroom adjacent to the girls' bedroom that allowed cold air to infiltrate the girls' bedroom. In addition, the girls demonstrated no boundaries. Amber would kiss strangers, both adults and children.
On October 7, 1997, Billy Motter, Mrs. Burd's 30 year old son, began staying with Amber and Ashley in the Burds' trailer. Amber reported to a Department representative that she and Billy would stay up late and watch television and then Billy would often get into bed with her. The Department demanded that Billy be removed from the residence. The Burds did not comply.
On December 24, 1998, Mr. Burd was hospitalized for psychiatric treatment due to his refusal to take his medication. At the same time Van Wert County filed its complaint for dependency. The trial court placed both children in the temporary custody of Van Wert County Department of Human Services. Burd was granted supervised visitation with Amber and Ashley. The children's behavior improved after placement with the foster family, but would always deteriorate after the visitations with Mr. Burd.
The trial court held an ajudicatory hearing on February 10, 1999, and found that the children were dependent as defined by R.C. § 2151.04. On August 9, 1999, the Van Wert Department of Health Services filed a motion requesting a modification of temporary custody to permanent custody. The trial court held a hearing on that motion on October 5, 1999. For admission at trial, a psychologist, Dr. Wieland, evaluated both children. He gave Amber Burd a diagnosis of provisional schizophrenia, undifferentiated type, with a post-traumatic stress disorder. Dr. Wieland diagnosed Ashley Burd with a post-traumatic stress disorder and attention deficit disorder.
Dr. Wieland concluded that both children required placement in an environment that was highly structured, loving, disciplinary and supportive. Amber currently requires and will continue to require medication for her advanced schizophrenia and considerable assistance to help her maintain her grasp on reality. Ashley does not require medication but continues to require a nurturing environment.
Upon conclusion of the hearing the trial court terminated the parental rights of Myers and Burd. In its findings of fact and conclusions of law it summarized as follows:
 "* * * the court finds that the Department of Human Services has proven by clear and convincing evidence the requirements of a motion for permanent custody. Further the court finds that the mother and father of Amber Burd and Ashley Burd have acted in such a manner that Amber Burd and Ashley Burd are without adequate parental care and the lack of parental care will continue in the near future and further that it is in the best interest of Amber Burd and Ashley Burd that their permanent custody be granted to the Van Wert County Department of Human Services."
On appeal from that decision, Burd makes the following assignments of error:
 1. The trial court erred in failing to determine the disposition requirements mandated by R.C. 2151.414 for each minor child independent of the other.
 2. The trial court erred to the prejudice of the Appellant in determining that the children cannot be placed with either parent within a reasonable time and should not be placed with either parent.
 3. The trial court erred to the prejudice of the Appellant in determining that it is in the best interest of the minor children to grant permanent custody.
Burd asserts three separate assignments of error. Each assignment, however, simply restates the same proposition, that the trial court improperly applied the requirements of R.C. § 2151.414 and erred in terminating his parental rights. For purposes of convenience and clarity this Court will address the assignments together.
At the outset we observe that decisions concerning child custody matters rest within the sound discretion of the trial court. Miller v. Miller (1988), 37 Ohio St.3d 71, 523 N.E.2d 846. This is especially true since the judge, acting as the trier of facts, is in the best position to observe witnesses, weigh evidence and evaluate testimony. In Re Brown (1994), 98 Ohio App.3d 337
Therefore, a trial court's determination in a custody proceeding is subject to reversal only upon a showing of abuse of discretion. Miller, 37 Ohio St.3d at 74, 523 N.E.2d 846.
A trial court that is conducting a hearing on a motion for permanent custody must follow the guidelines set forth in R.C.2151.414. Pursuant to R.C. § 2151.353(A)(4), the court may grant such a motion if two determinations are made. The court must determine by clear and convincing evidence, after a child has been found by the court to be neglected, dependent, or abused, that it is in the child's best interest to grant the movant permanent custody "and that any of the following apply":
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents;
 (2) The child is abandoned and the parents cannot be located;
 (3) The child is orphaned and there are no relatives of the child who are able to take permanent custody." R.C. § 2151.414(B)(1)-(3).
When determining what is in the best interest, R.C. §2151.414(D) mandates that the court consider "all relevant factors, including, but not limited to, the following":
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through his guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
Further, if the court has determined, based on R.C.2151.414(B)(1), that a child cannot or should not be placed with the parents within a reasonable time, the court must consider all relevant evidence, finding, by clear and convincing evidence that one of the following conditions exists:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.
 (2) Chronic mental illness * * *
 (3) The parent committed any abuse as described in section 2151.031 of the R.C. against the child * * *
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
* * *
 (12) Any other factors the court considers relevant. R.C. 2151.414 (E)
Burd's initial assertions are that the trial court erred when it found that the children could not or should not be placed with the parents within a reasonable time and that it was in the children's best interests to be placed in the permanent custody of the Van Wert County Department of Human Services.
The judgment entry issued by the trial court contained several reasons for its determination that the children could not be placed with the parents and that it was in the children's best interests to be placed with the Department. It read:
 "First of all, in regard to the father, the court finds that the father's mental illness is chronic and ongoing. While he is somewhat stable while on medication, he has a history of relapses. The court will acknowledge that he has maintained his treatment, but based upon the evidence, the court finds that he will never sufficiently improve to provide the home necessary for these two children."
* * *
 "The mother has had little opportunity to comply since she was in prison for over six months. But she made no effort to communicate with the children or DHS. Further all the evidence demonstrates that she has irreparably harmed these children and the children should not be placed with her."
* * *
 "While the mother did not directly commit the sexual or physical abuse, she might as well have. She was aware of the abuse for over 2 years and allowed it to continue when she had ample opportunity to stop it or protect her children. Her excuse that she was threatened cannot be accepted."
* * *
 "This is a case that requires the court to grant permanent custody as this is the only chance these two children have if they can recover. Both of these children are severely affected by what has happened to them. Their mother allowed her live-in boyfriend to sexually and physically abuse them over a long period of time. They do not believe that their mother has turned around, the children will never accept her or feel safe. The father has a mental illness that prevents him from being an adequate parent. He cannot parent these two special needs children."
The record and transcript of the proceedings support the statements made in the judgment entry contained above. Burd offers no plausible argument or suggestion why Amber and Ashley should be returned to his permanent custody, much less, why the trial court abused its discretion. He simply maintains that the trial court applied the statute incorrectly. However, the portions of the record outlined above contain clear and convincing evidence that Amber and Ashley Burd should be removed from the custody of the parents permanently.
Despite this Burd maintains that the trial court erred because it didn't make separate findings concerning Amber and Ashley and simply bunched them together as one instead of two. Essentially Burd claims that the trial court was required to consider the statutory criteria for each child separately from the other. While we agree with Burd that the law requires the trial court to make an independent determination of the relevant criteria in R.C. 2151.414(B) and all other relevant evidence in a permanent custody suit involving multiple children, "this should not be construed to require courts to consider permanent custody decisions in a vacuum, i.e., how a parent mistreats another child in the household can be very relevant to the permanent custody determination of a child that is not mistreated in the same manner." In Re Hiatt (1993), 86 Ohio App.3d 716, 725.
The record reveals that the trial court decided that Ashley and Amber would both be affected by the Burd's schizophrenia and the mother's indifference to their life and well-being, equally. As a result, while Burd may be unsatisfied with the loss of the custody of his children, he has failed to show any abuse of discretion by the trial court. No error having been shown the decision of the Court of Common Pleas of Van Wert County is affirmed.
Judgment affirmed.
HADLEY, P.J., and SHAW, J., concur.